Chief Justice Robertson
delivered the opinion of the court.
On the 25th of- August 1828, William North and John Shrock entered into an article of agreement, whereby the latter covenanted “to furnish brick and materials and build the walls of a certain house,” which the former designed to have built in Lexington, and to lay the old bricks which were in North’s “kitchen and other back buildings,” (“North having the old brick cleaned and made ready for laying;”) and to complete the “job by the 30th of October, (1 828,) provided said North gets thefoundation S/c.ready by the 15th of September,{1828) and no delay for want of timber;” and North, on his part, covenanted to let Shrock have “the use of a sufficient quantity of sheeting plank for scaffolding;” and to pay him a stipulated price for the work, part in property and part in money during the progress of the work, and at specified times after its completion.
On the 1st of Sept. 1828, Shrock endorsed on the covenant the following agreement, “I am willing to give W. North to lay the rock foundation and prepare forme to commence laying the brick by the 25th of Sept, instead of the 20th, as the contract between us specified ; the contract is still to be fulfilled by the time.'1'’
On the 3d of March, 1829, North brought this suit against Shrock on the foregoing covenant. The *324 court sustained a demurrer to the declaration, and thereupon rendered judgment for Shrock.
Covenant SJOR9 trued.
The declaration contains three counts, each of which sets out the covenant truly. The first alleges for breach; that Shrock had not commenced and still refused to commence the work, although the foundation was ready on the 25th of Sept. 1 828, and North was, and still continued to he, ready f® perform every thing covenanted to be done on ids part, and had, on the 4th of Oct. 1828, notified Shrock thereof, and requested him to commence the work.
The breach in the second count is substantially the same, with the additional averment, that the foundation and old, brick were ready on the 25th of Sept. 1828, and that Shrock then refused to commence the work.
The breach in the 3d count is, that Shrock refused to commence the work on the 25ih of Sept, although the foundation snd timbers were then, in port, ready, (so that he. might have commenced without obstruction,) and were completely ready on the 28ib of the same month; and also that although he was notified on the 4th of October that the foundation and timber were ready, and was offered an extension of the lime for completing the work, until the Oils of November 1828, he had refused «..id continued to refuse to commence the building of the walls.
The counts are unnecessarily prolix and tautological, but each of them contains a cause of action.
The covenant must be construed reasonably according to the subject matter, and Ihe circumstances attending it. It was doubtless the understanding of the parties that the walls wore to be built during the fall of the year 1828; hot they did not designate any particular time for commencing, nor eyen for finishing the brick work, unless the foundation and other preparations necessary for commencing the laying of the brick should be ready as soon as the 9.olh of Sept. 1828; in the event of such readiness, Shrock was bound to finish the walls by the SOIh of Oct. 1 828. But a failure by North to complete the foundation and provide other things punctilliously by the 25th, surely did not absolve Shrock from his covenant to build *325 the walls. He was still hound to do the work, if preparation had been made for him in a reasonable time and manner, and he had been notified thereof.
If either of the counts be tree Shrock has broken his covenant by refusing to commence the work.
The 2d count is sufficient even if Shrock was not bound to build the walls unless the ‘"foundation &c.” had been ready as soon as the 25lh of Sept. But the other counts are also good. Shrock agreed to work into the walls some of North’s old brick, if North would clean them and have them ready. But if North never prepared the old brick, but was, in other respects read'/, arid had prepared the foundation, Shrock was bound to hui’d the walls with his own brick: the .'tipuJaiion in reláfica to the cid brick was made for the benefit of No'-th; Shrock undertook to furnish all the brick at stipulated pi-ices, but agreed to lay some of North’s old brick, provided they should be prepared for him. It was not necessary, therefore, to aver that the old brick had been prepared. Nor was it indispensable that the rock foundation should have been completed as soon as the 25th of Sept, if, as akedged, it was ready on the 28th, and Shrock had reasonable notice thereof, he ought to have proceeded, without delay, to build the brick walls. If the foundation was not completed until after the 25th, Shrock would not have been bound to have the wails finished as soon as the 30th of Oct. nor have been liable for any of the consequences incidental to North’s delay, or necessarily resulting from his failure to prepare for (hocommencement of the brick work as roon as the 25ib. Shrock covenanted to build the walls without regard to any particular day for commencing the work:,but he undertook also to complete the work, provided the foundation, &e. should be ready for him to commence as soon as the 25th of Sept, and he should not after-wards be delayed by North. The only consequence of failing to have the foundation ready on the 25th, was, that Shrock was thereby released from his covenant to finish tne work as soon as the 30th of Oct. but his obligation to do the work within a reasonable time was not thereby released.
DllSENTj
Wicklijfe and Wooley, for plaintiff; Chinn and Hog-gin, for defendant.
Judgment reversed and cause remanded with instructions to overrule the demurrer to the declaration.